IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AL A. PREUS,                                                     Case No. 3:20-cv-00169-SB

                        Plaintiff,                           **ORDER OF DISMISSAL**

        v.

US PROBATION OFFICE, DANIEL
PAINTER,

                        Defendants.

_____

**Michael H. Simon, District Judge**.

        Plaintiff Al A. Preus ("Preus") brings this action pursuant to *Bivens v. Six Unknown Fed.*

*Narcotics Agents*, 403 U.S. 388 (1971) against his probation officer Daniel Painter ("Painter")

and the U.S. Probation Office. This Court GRANTS Preus' Application to Proceed *In Forma*

*Pauperis* (ECF No. 1) and DISMISSES his Complaint (ECF No. 2) for failure to state a claim.

## STANDARDS

        This Court must dismiss an action filed by a plaintiff proceeding *in forma pauperis*, if the

Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

PAGE  1  - ORDER OF DISMISSAL

such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Preus is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## BACKGROUND

In 2011, Preus pled guilty to three counts of bank robbery. *United States v. Preus*, No. 3:10-cr-00426-HZ. The Court sentenced Preus to sixty-three months incarceration and a three-year term of supervised release. *Id.*, J. (ECF No. 14). Preus' supervised release commenced on March 21, 2016. *Id.*, Warrant (ECF No. 37) at 1.

On April 3, 2018, Painter filed a petition with the Court to require Preus to show cause why his supervised release should not be revoked. *Id.*, Pet. (ECF No. 28). On April 24, 2018, a detention hearing was held at which the Honorable Youlee You released Preus "on conditions at the direction of U.S. Probation." *Id.*, R. of Proceedings (ECF No. 34). At a subsequent hearing, Preus admitted to violating the conditions of his supervised release and Judge Hernandez continued Preus on supervised release. *Id.*, R. of Proceedings (ECF No. 35) and Order (ECF No. 36).

Shortly thereafter on May 16, 2018, Painter filed a Petition for Warrant and Order to Show Cause recommending that Preus' supervised release be revoked. *Id.*, Pet. (ECF No. 37). At the revocation hearing, Preus admitted to violating the terms of his supervised release and Judge Hernandez found Preus to be suitable for continued community supervision. *Id.*, R. of Proceedings (ECF No. 44). On May 31, 2018, Judge Hernandez issued an Order Continuing Supervision requiring Preus to participate in a program at a Residential Re-entry Center. *Id.*,

PAGE  2  - ORDER OF DISMISSAL

Order (ECF No. 45). It appears that Preus has now completed his three-year supervised release term.

## DISCUSSION

Preus alleges three claims for relief arising out of the foregoing proceedings. Preus' allegations are sparse. In his first claim for relief, Preus alleges that Painter lied at the April 24, 2018 detention hearing "in an attempt to get [him] incarcerated." Compl. at 3. In his second claim for relief, Preus alleges that Painter falsely claimed that "Preus was kicked out of group class at LifeWorks." *Id.* Preus does not allege the context in which Painter made the statement. Finally, Preus alleges that Painter secured a warrant for Preus' arrest that was "directly related" to the April 24 hearing, causing Preus to "endure[] 23 days of extreme emotional distress while unjustly incarcerated at Multnomah County Jail." *Id.* at 4. Preus seeks money damages and an order compelling Painter to write a letter of apology to the Court and requiring the U.S. Probation Office to suspend Painter. *Id.* at 5.

Preus fails to state a claim for the following reasons. First, Painter is entitled to absolute quasi-judicial immunity because at all times he was acting in his "judicial capacity in the context of [supervised release revocation] proceedings." *See Palismo v. Cal. Dep't of Corr.*, 145 F. App'x 215, 216 (9th Cir. 2005) (holding that a parole officer is entitled to absolute immunity for his testimony at a parole revocation hearing); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1995) (holding that probation officers preparing reports for the court's use are entitled to absolute judicial immunity from damages); *see also* Order to Dismiss (ECF No. 5), *Al A. Preus v. Todd Cantamessa, et al.*, No. 6:12-cv-01321-HU (D. Or. Aug. 12, 2014) (Simon, J.) (dismissing with prejudice Preus' similar complaint against his former U.S. Probation Officer on the ground of quasi-judicial immunity).

Second, Preus has failed to allege any facts to support a plausible inference that Painter lacked a reasonable belief that Preus violated the conditions of his supervised release when he petitioned the Court for an arrest warrant. *See Turner v. Smith*, 734 F. App'x 460, 462 (9th Cir. 2018) (holding that a parole officer must have a "reasonable belief" that a parole violation has occurred in order to initiate arrest of a parolee). Indeed, Preus admitted to violating the terms of his supervised release at the subsequent revocation hearing.

Finally, Preus cannot bring a *Bivens* action against the U.S. Probation Office, and therefore cannot obtain injunctive relief in the form of an order compelling Painter's suspension. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* action may not be brought against a federal agency).

## CONCLUSION

Based on the foregoing, this Court GRANTS Preus' Application to Proceed *In Forma Pauperis* (ECF No. 1) and DISMISSES his Complaint (ECF No. 2) for failure to state a claim. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal is with prejudice. This Court certifies that an appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

DATED this 17th day of April, 2020.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge